UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ZEDRICK JOHNSON, )
)
        Plaintiff, )
)
    vs. ) No. 1:17-cv-01862-LJM-MJD
)
INTERNAL REVENUE SERVICE, )
)
        Defendant. )

**Entry Granting Motion to Proceed *In Forma Pauperis* and Dismissing Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed by plaintiffs proceeding *in forma pauperis* before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this rule,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff alleges that the mother of his children is letting multiple individuals use his children's social security numbers for tax purposes and that she is involved in other fraudulent conduct. He alleges further that he has visited the Internal Revenue Service about this issue on multiple occasions, but they "don't care." He names the Internal Revenue Service as the defendant in this action.

Based on the foregoing allegations, the Court is unable to discern a viable claim for relief against the Internal Revenue Service. His allegations to not state a cognizable legal claim, and his request for relief appears to ask that the Court help him investigate the alleged fraudulent conduct of his children's mother. But he does not state any injury personal to him, nor can the Court cannot initiate its own investigations into fraudulent conduct, as it is the Executive Branch, not the Judicial Branch, that is responsible for such investigations.

For the reasons, the plaintiff has not stated a viable claim for relief. The Court notifies the plaintiff that the Internal Revenue Service publishes on its website several ways in which citizens can report fraud regarding tax filings.

## III.

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through June 30, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 6/9/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ZEDRICK JOHNSON
3270 LuPine Drive
Indianapolis, IN 46224